## Myers v. Taneyhill, et al.

(Decided March 2, 1926.)

### Appeal from Edmonson Circuit Court.

1. Frauds, Statute of.—Contract, not alleged in petition to be in writing, is presumed to be in parol.

2. Frauds, Statute of.—Contract for sale of land must be in writing, signed by person to be charged.

3. Specific Performance—Specific Performance of Contract for Sale of Realty Not Required of Defendants, where it Did Not Appear from Petition that Purchaser had Signed Written Contract Binding Him in Any Way.—Where plaintiff, holder of option to purchase, sold it to defendants, reserving right and authority to sell property at a certain increased price, plaintiff, on having acquired a purchaser at such price, could not require defendants to speci-

fically perform such agreement, where it did not appear from plaintiff's petition that alleged purchaser had signed a written contract binding him in any way.

SIMS & HERDMAN for appellant.

LOGAN & McCOOMBS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

E. Myers filed this suit against C. P. Taneyhill and W. Kirkpatrick. They demurred to the petition. The circuit court sustained their demurrer. Myers filed an amended petition. The circuit court sustained the defendant's demurrer to the petition and amended petition and Myers failing to plead further, dismissed the action. Myers appeals.

The facts alleged in the petition are these: On April 19, 1923, Myers obtained from C. B. Keown and wife an option to purchase the Keown farm in Edmonson county for the sum of $40.20 an acre; on April 30, 1923, he, in writing, sold and transferred his option to purchase the farm to the defendants in consideration of their entering into an agreement in writing with him whereby it was agreed that the farm should be sold at a profit of $25.00 per acre, of which profit $15.00 an acre was to be equally divided between him and the defendants and $5.00 per acre was to be divided equally between L. P. Lord and P. E. Dessauer and the remaining $5.00 per acre profit was to be paid the person who sold the farm for $25.00 an acre profit. By the contract it was expressly provided that Myers had the right and authority to sell the farm at $25.00 an acre profit. It was agreed that any of the parties to the contract had the right to sell the farm for $65.00 an acre, and if it was sold for a price in excess of $65.00 an acre the party making the sale could retain as his own all sums in excess of $65.00 an acre. It was further agreed that all sums expended by the defendants for the purchase price of the farm and all sums paid Keown for the option upon it would be returned to the defendants before any profits were divided. Under the option the defendants paid Keown the sum of $3,059.00, also the sum of $1,460.00, at which time, by the terms of the option, Keown was to execute a deed to the defendants upon their execution to him of their two promissory notes, each for the sum of $2,410.00, due respectively March 3, 1925, and June 3, 1925. The option

remained in full force and effect, and while it was in full force and effect the plaintiff alleged that he sold the farm to E. M. Treat on May 3, 1923, at $65.00 an acre, and he notified the defendants in writing that he had made the sale and requested them to convey the property to Treat or cause it to be conveyed to him. It was provided in the written contract between Myers and the defendants that the purchaser was to make a certain deposit, and Myers averred that Treat had made the deposit as required by the written contract between him and the defendants. But although Treat was ready, willing and able to take the farm and pay the remainder of the price they, without right, refused to enter into a binding contract of sale to said Treat and thereby breached and violated the written contract they had made with the plaintiff. He alleged that the defendants were insolvent and that a judgment against them for damages would be without value and prayed that they be required to specifically perform the contract they had made with him by conveying the property to Treat and for all proper relief. Similar allegations were made as to what was known as the Wilson farm.

While in the petition it is averred that the contract between him and the defendants was in writing and the writings are filed as a part of the petition, there is no averment that the contract he made with Treat was in writing and no written contract is filed or referred to. Under the well settled rule, a contract not alleged to be in writing is presumed to be in parol. Newman on Pleadings, section 306. The effect, therefore, of the petition is that the plaintiff had sold the farm by parol to Treat and that the defendants had refused to execute to Treat a deed. But as Treat was not bound to take the farm they were under no obligation to tender him a deed. Under the statute of frauds a contract for the sale of land must be in writing, signed by the person to be charged. It does not appear that anyone had signed a written contract binding him in any way. The defendants were, therefore, under no obligations to Treat or to the plaintiff, for he had not obtained a purchaser for the property unless he had a valid contract with the purchaser binding the purchaser to take the property on the terms alleged. The court, therefore, properly sustained the defendant's demurrer to the petition.

Judgment affirmed.